UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSHUA A. BRADLEY					CIVIL ACTION

VERSUS						NO.  13-100-SDD-RLB

LIBERTY MUTUAL GROUP, INC.,
ET AL.

## ORDER

The issue before the Court is whether Defendant Safeco Insurance Company of America ("Safeco") must provide the Plaintiff with certain documents requested in discovery prior to his deposition scheduled on July 25, 2013.[1]  Safeco contends that the documents have impeachment value and request delayed disclosure until the deposition is concluded.  For the following reasons, the Court concludes that Safeco must produce the documents prior to the deposition.

### Background

Plaintiff filed this action in state court alleging that Safeco arbitrarily and capriciously refused to tender payment to the Plaintiff under his insurance policy #OF2032536 ("the Policy") following damages sustained to the insured residence due to Hurricane Isaac.  (R. Doc. 1-2.)  As a defense to the claims against it, Safeco has asserted, among other things, that the "Policy does not provide coverage for plaintiff's alleged loss, because plaintiff did not reside in the insured property on the date of loss." (R. Doc. 10, at 1.)  Safeco denies that the Plaintiff's claim has been denied, stating that it has only issued a reservation of rights letter pending further investigation of the claim.  (R. Doc. 10, at 5.)  Safeco also asserts that the Plaintiff "has engaged in concealment

---

[1] The Court has not been provided or reviewed any of the documents at issue.  Any description of the nature of their contents has come from representations made by Safeco.

or fraud" and also "failed to cooperate in Safeco's investigation of the claim. . . ." (R. Doc. 10, at 3.)

Plaintiff propounded discovery on Safeco requesting production of its claims file, which includes (1) two transcribed statements of third-party witnesses and (2) other investigative materials including reports of Safeco's Special Investigations Unit. Safeco has disclosed to the Plaintiff the existence of these materials, but withheld the actual documents based on their "unique impeachment value." (R. Doc. 22.) Safeco seeks to withhold the documents until after the deposition of the Plaintiff. In support of its position, Safeco relies on various decisions where courts have allowed a defendant to withhold certain surveillance materials with impeachment value until after a plaintiff's deposition.[2]

In response, the Plaintiff argues that the documents requested prior to his deposition are subject to discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Plaintiff argues that the materials generated by Safeco's Special Investigations Unit should be produced because they are relevant and non-privileged. Plaintiff further argues that the transcribed statements by the two third-party witnesses are distinguishable from the materials discussed in the cases relied upon by Safeco because they do not consist of "surveillance."

The parties jointly requested a telephone status conference prior to the deposition of the Plaintiff scheduled on July 25, 2013. The court held a telephone status conference on July 23, 2013. During the telephone conference, Safeco argued that the materials withheld from the Plaintiff include materials with impeachment value. Safeco conceded, however, that the documents are not being withheld on grounds of privilege and they contained at least some value

---

[2] The Court notes that the decisions cited by Safeco are not binding on this court and all are factually distinguishable from the instant case.

as substantive evidence.[3] Safeco further acknowledged that the substance of these materials is relevant to the central question in this lawsuit – whether the plaintiff resided at the residence at the time of the alleged damages.  Nevertheless, Safeco argued that the withheld documents have unique impeachment value similar to surveillance conducted in personal injury claims.

**Analysis**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . ." Safeco acknowledges that the materials at issue are both non-privileged and also relevant to both the plaintiff's claim and Safeco's defense.

There is nothing in the Federal Rules that permits a party to refuse to produce impeachment evidence that is responsive to an opponent's discovery requests.  Although the rules pertaining to initial and pretrial *disclosures* allows a party to withhold such evidence, *see* Fed. R. Civ. P. 26(a)(1) and (3), the rules regarding the *discovery* of evidence, *see* Fed. R. Civ. P. 26(b), do not preclude impeachment materials from being subject to a discovery request.  *See* Wright, Miller, Kane, Marcus, & Steinman, *Federal Practice and Procedure* § 2015 (3d ed. 1998) ("[T]he intention of the party from whom discovery is sought to use materials for possible impeachment does not narrow discovery of items that are relevant.  The initial disclosure requirements exclude items that the disclosing party may use "solely for impeachment," but no such categorical limitation applies to material sought through discovery.").

---

[3] This order does not concern documents redacted or withheld by Safeco solely on the ground that they are privileged.  In his July 21, 2013 letter, counsel for Plaintiff submitted a list of Bates numbered pages produced by Safeco that contained "redacted" materials and questioned the grounds for the redactions. (R. Doc. 22.)  Counsel for Safeco explained that the redacted materials included (1) documents requiring redaction because of claims of privilege and (2) documents requiring redactions on the ground that they contain impeachment value (i.e., the Safeco's Special Investigations Unit reports).  Counsel for Safeco advised the court that she is working on a privilege log detailing the grounds for the redactions of privileged material.  She also advised the court that the two third-party witness statements have been withheld in their entirety and are not included in the list of redacted documents.

As reflected in the cases cited by Safeco dealing with surveillance footage, some courts have allowed for delayed production in circumstances where the materials consist of items to be used for impeachment purposes.[4]  As an initial point, the Court notes that not all federal courts within the State of Louisiana have agreed on the premise that surveillance videos and related materials may be withheld on impeachment grounds until after a plaintiff's deposition.  *Compare Romero v. Chiles Offshore Corp.*, 140 F.R.D. 336 (W.D. La. 1992) (surveillance evidence may be withheld from production prior to plaintiff's deposition and need not be disclosed until ten days prior to trial if used solely for impeachment purposes), *with Karr v. Four Seasons Mar., Ltd.*, 2004 WL 797728 (E.D. La. Apr. 12, 2004) (surveillance evidence must be produced prior to deposition of plaintiff as the court could not conclude that it was limited exclusively to impeachment purposes).  The Fifth Circuit has held that regardless of whether surveillance video has *some* impeachment value, it must be produced if it contains *any* substantive evidence.  *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517-18 (5th Cir. 1993) (concluding that surveillance tape that did not necessarily impeach plaintiff's testimony regarding her injuries was at least in part substantive, and should been disclosed prior to trial).

Even if the Court were to agree that *delayed* disclosure may be appropriate in cases involving surveillance footage used solely for impeachment, this case is significantly different.  The requested items include (1) two transcribed statements of third-party witnesses and (2) other investigative materials including reports of Safeco's Special Investigations Unit.  There is no dispute that the documents withheld or redacted by Safeco are non-privileged and relevant to the substantive validity of the Plaintiff's claims.

---

[4] One source of this authority could be found in the court's discretion under Rule 26(c)(2) to designate a "time and place" of discovery when a protective order is sought.  Such relief requires "good cause" and is wholly within the court's discretion.

That the materials may contain some impeachment value is insufficient grounds for the court to allow Safeco to withhold the materials until after the Plaintiff's deposition. Federal civil discovery is not a game of surprise. The federal rules promote broad discovery so that all relevant evidence is disclosed as early as possible, allowing each side to knowledgeably evaluate the strength of its evidence and chances of success. Safeco seeks an exception, allowing it to withhold substantive discovery that it has determined is helpful to its case so it can first depose the plaintiff without revealing this evidence. Allowing parties to withhold their best evidence – substantive and impeachment – until after depositions would nullify the discovery process. Every party would request such relief. While the court may have discretion to allow such a practice under certain circumstances more analogous to the cases cited by Safeco, it will not do so in this case.

At the telephone conference, counsel for Plaintiff has advised the court that he will have sufficient opportunity to review the withheld documents prior to the Plaintiff's currently scheduled deposition if he receives the documents by close of business on July 24, 2013. Counsel for Safeco has advised the court that it will be possible to produce the withheld documents by that deadline if ordered to do so.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Safeco Insurance Company of America must produce to Plaintiff the withheld documents discussed in this Order by **5:00 p.m., July 24, 2013.**

Signed in Baton Rouge, Louisiana, on July 24, 2013.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**